Dear Mayor White:
You have asked this office to advise you whether an alderman of the Town of Gibsland may also maintain her current state employment with the Louisiana Department of Health and Hospitals (DHH). In response to your question, we first direct your attention to R.S. 42:63(D, stating:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The position of alderman constitutes an elective office in a political subdivision of the state. Employment with the Louisiana Department of Health and Hospitals is considered employment within the government of the state. Those definitions applicable here are found within R.S. 42:62(1), (3), (4), (5), (6) and (9), stating:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 ***** (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
 (6) The executive branch of state government includes the following named offices and all other officers, agents, employees, or other persons holding or exercising an employment with them, namely, the governor; lieutenant governor; secretary of state; attorney general; treasurer; commissioner of agriculture; commissioner of insurance, superintendent of education; commissioner of elections; members of the State Civil Service Commission, the Public Service Commission, the Board of Regents, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, the State Board of Elementary and Secondary Education, the Board of Trustees for State Colleges and Universities, and the State Bond Commission. The executive branch shall also include the officers, members, agents, and employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial or local in nature or operation.
 ***** (9) "Political subdivision" means a parish, municipality and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
While R.S. 42:63(D) prohibits one from holding local elective office and state employment, R.S. 42:66(N) provides an exemption applicable in the instant matter:
 (N) Nothing in the Part shall be construed to prohibit a person holding employment in the government of the state from holding at the same time an elective office in the government of a municipality of this state with a population of less than six thousand five hundred according to the 1990 federal decennial census, unless the particular nature of such employment in combination with the duties and interest of such elective office is incompatible as provided in this Part or is found to be adverse to the public interest as set forth in R.S. 42:61.
The Town of Gibsland is a municipality with a population of less than six thousand. Because of the exemption of R.S. 42:66(N), the person of interest here may serve as elected alderman while maintaining her state employment with DHH.
We hope the foregoing is helpful to you. Should have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:_______________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg